UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:19-CV-00764-X |
| LESLIE A. WULF, BRUCE A. HALL, | § | |
| JAMES REA, JOHN E. REA, KEITH | § | |
| DRIVER, and CHRISTINE GAGNE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, VeroBlue Farms USA, filed this suit on July 31, 2018. After several rounds of pleading, defendant Christine Gagne moved to dismiss the claims against her for lack of personal jurisdiction. [Doc. No. 306] Gagne argued that because she lacks minimum contacts with Texas and because all allegations against her dealt with work she performed in Iowa and Canada, the Court lacks jurisdiction over her claims.[1] VeroBlue seemingly agreed and promptly filed a motion asking the Court to either transfer this case to the United States District Court for the Northern District of Iowa or dismiss all claims against Gagne without prejudice. [Doc. No. 313]. Gagne responded in opposition to this motion, arguing that VeroBlue's allegations against her weren't in good faith and that VeroBlue hadn't shown that the Northern District of Iowa was a proper venue for the claims against her.[2] VeroBlue replied

---

[1] Doc. No. 307 at 12–13.

[2] Doc. No. 321.

1

that Gagne had admitted in her motion to dismiss that she was subject to personal jurisdiction in Iowa.[3]

Court always have jurisdiction to determine whether they have jurisdiction.[4] And in the interest of justice, the Court **GRANTS** VeroBlue's motion to transfer venue. All claims in this case against Gagne are hereby **SEVERED** and **TRANSFERRED** to the United States District Court for the Northern District of Iowa. Gagne's motion to dismiss is **DENIED WITHOUT PREJUDICE.**

I.

Title 28, Section 1404 of the United States Code authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[5] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[6] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[7] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

---

[3] Doc. No. 329.

[4] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction.").

[5] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988))).

[6] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[7] *DSA Promotions, LLC v. Vonage Am., Inc.*, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[8]

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[9]

## II.

The Supreme Court has made clear that venue transfer is favored over dismissal when transfer would be in the interest of justice and convenient to the parties.[10] In this matter, the Court believes that private- and public-interest factors weigh in favor of transferring this case to the Northern District of Iowa.

## A.

The Court first considers private-interest factors. The parties both agree that venue is improper in this Court. Gagne, a Canadian citizen, stated in her brief supporting her motion to dismiss that "[VeroBlue's] allegations . . . concerning Gagne are not related to Texas and, if anything, relate to Canada and Iowa" because she

---

[8] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

[9] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.*, 845 F.2d at 528).

[10] *Atl. Marine*, 571 U.S. at 55–59.

3

only worked as an independent contractor for VeroBlue in Iowa, never in Texas.[11] And VeroBlue agrees with Gagne that Iowa is a more proper forum for this matter. Additionally, because Gagne performed work in Iowa, she would have more ready access to sources of proof if the case against her were tried in an Iowa federal court. The Court is therefore convinced that transfer of all claims against Gagne to the Northern District of Iowa is in the private interest of the parties.[12]

B.

The Court also considers public-interest factors. Because the events giving rise to VeroBlue's complaint against Gagne all took place in Iowa by both parties' admission, Iowa is the locality where this controversy is "at home." Additionally, the Court has broad discretion when managing its own docket and finds that transfer would be in the interest of justice, and therefore in the public interest.

\* \* \*

For these reasons, the Court **GRANTS** the motion to transfer, **SEVERS** the claims against Gagne, and **TRANSFERS** the claims against Gagne to the Northern

---

[11] Doc. No. 307 at 3.

[12] Precedent also requires lower courts to consider judicial economy when transferring part of a case to another federal court. That assessment does not change the private interest factors here. The parties who are staying in federal court in Texas are doing so because of a forum selection clause in their agreements. That clause originally sent the case here from federal court in Iowa. And the Court must give it the weight it is due. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that the "presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus" when considering a motion to transfer"). But keeping the case against Gagne here in Texas would steamroll her due process rights in light of her lack of contacts with Texas. The Court cannot ignore either the forum selection clause or Gagne's due process rights. As a result, severing Gagne's claims from this case and shipping them to federal court in Iowa is the only viable option. This is the way. *See id.* (finding that a "motion to transfer under § 1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors"); *see also The Mandalorian: Chapter 3: The Sin*, DISNEY+ (Nov. 22, 2019), https://www.disneyplus.com/video/8d1a536a-6815-4afe-ae71-cab7b3004a36.

District of Iowa.  The Court also **DENIES WITHOUT PREJUDICE** Gagne's motion to dismiss.  Gagne predicated this motion on the facts surrounding VeroBlue's filing of claims against her in a state where she has no contacts.  The basis for that motion is irrelevant in light of the transfer.

    **IT IS SO ORDERED** this 21st day of January, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE